*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOORE MURPHY HOSPITALITY, LLC, doing business as IRON PIG SMOKEHOUSE,

Plaintiff-Appellant,

v

HEALTH DEPARTMENT OF NORTHWEST MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
December 22, 2025
1:35 PM

No. 371026
Otsego Circuit Court
LC No. 2023-019393-CZ

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

In this declaratory judgment action, plaintiff, Moore Murphy Hospitality, LLC, doing business as Iron Pig Smokehouse, appeals as of right the trial court's opinion and order granting summary disposition in favor of defendant, the Health Department of Northwest Michigan, under MCR 2.116(C)(10) (no genuine issue of material fact), regarding plaintiff's challenge to the constitutionality of MCL 333.2451 of the Public Health Code, MCL 333.1101 *et seq*. We reverse the trial court's determination that the issue was not moot, vacate the portion of the trial court's opinion ruling on the merits of the constitutionality of MCL 333.2451, and remand for further proceedings.

Plaintiff operates a barbeque restaurant, the Iron Pig, in Gaylord, Michigan, which was subject to an emergency order defendant entered in November 2020 in response to the coronavirus (COVID-19) pandemic. In late 2023, plaintiff filed the instant lawsuit challenging, in part, the constitutionality of MCL 333.2451, on which the subject order was partially based, contending that the statute violated separation-of-powers principles. Although the emergency COVID-19 order underlying the litigation had been rescinded, the trial court determined that plaintiff's declaratory judgment action was not moot on the basis of this Court's decision in *T & V Assoc v Director of Dep't of Health & Human Servs*, 347 Mich App 486; 15 NW3d 313 (2023), and it reached the merits of plaintiff's claim.

After issuance of the trial court's order, the Michigan Supreme Court peremptorily reversed this Court's decision in *T & V*, which likewise involved a long-since rescinded emergency COVID-19 order issued under another provision of the Public Health Code. *T & V Assoc v Director of Dep't of Health & Human Servs*, ___Mich___, ___; 12 NW3d 594, 596 (2024). The Michigan Supreme Court determined that this Court had erred by concluding that the case was not moot, reasoning that "the instant case presents nothing but abstract questions and does not rest on existing facts or rights," and therefore that "[a] judgment would have no practical effect on an existing controversy." *Id*. The Court further explained that the exception to the mootness doctrine for when an issue is both of public significance, and likely to recur while otherwise evading judicial review, was inapplicable because "the COVID-19 emergency has ended, and there are . . .more effective treatments available," and the issuance of a similar order was unlikely. *Id*.

The same analysis applies in the instant matter. There is no dispute that the authority under which defendant issued the contested order, MCL 333.2451, was rescinded before plaintiff commenced this action. It follows that it was impossible for the trial court, and now for this Court, to grant plaintiff any relief, because plaintiff presently continues to operate its Iron Pig restaurant unabated. Like the trial court, this Court cannot undo, or otherwise involve itself in the enforcement of, a public health order that no longer exists. Further, as in *T & V*, circumstances related to COVID-19 have drastically changed since defendant issued the subject order, such that COVID-19 no longer presents an urgently pressing public health crisis. And, as in *T & V*, it is merely a hypothetical possibility that a similar order may issue again one day, the mere "possibility that an issue will recur is not sufficient." *Id*.

Accordingly, plaintiff's claim for declaratory relief to the effect that MCL 333.2451 is unconstitutional was, and remains, moot. We therefore reverse the trial court's determination that plaintiff's action was not moot, and vacate the portion of the trial court's decision ruling on the constitutionality of MCL 333.2451.

Vacated in part, reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi